1  MANATT, PHELPS & PHILLIPS, LLP
   JOHN C. FOX (Bar No. CA 135668)
2  E-mail:  JFox@Manatt.com
   ALEXA L. MORGAN (Bar No. CA 234911)
3  E-mail:  AMorgan@manatt.com
   1001 Page Mill Road, Building 2
4  Palo Alto, CA  94304-1006
   Telephone:  (650) 812-1300
5  Facsimile:  (650) 213-0260

6  Attorneys for Defendant
   Pangea3 LLC

7

8                    UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT

10                   SAN FRANCISCO DIVISION

11

12  S. Lata Setty,                          No.  CV 09 3101 EDL

13          Plaintiff,                       DEFENDANT'S ANSWER TO PLAINTIFF'S
                                            COMPLAINT
14      vs.

15  Pangea3 LLC,

16          Defendant.

17

18      Defendant Pangea3 LLC ("Pangea3" or "Defendant") respectfully submits this Answer to

19  the Complaint of S. Lata Setty ("Plaintiff").  With respect to the allegations in the numbered

20  paragraphs of the Complaint, the Defendant responds as follows:

21                          **PREAMBLE**

22      1.      In response to Paragraph 1, Defendant admits that this action purports to seek

23  relief under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment

24  Act, and the Employee Retirement Income Security Act of 1973, and under state law.  Defendant

25  also admits that this action purports to seek declaratory relief.

26      2.      Defendant is without knowledge or information sufficient to form a belief as to the

27  truth of the allegations contained in Paragraph 2, and therefore, denies them.

28

MANATT, PHELPS &                    1                    DEFENDANT'S ANSWER TO
PHILLIPS, LLP                                            PLAINTIFF'S COMPLAINT
ATTORNEYS AT LAW                                         NO.  CV 09 3101 EDL
PALO ALTO

3.      In response to Paragraph 3, Defendant admits that this action purports to arise out of Plaintiff's October 31, 2008 termination from Pangea3.

4.      Defendant denies the allegations contained in Paragraph 4.

5.      Defendant denies the allegations contained in Paragraph 5.

## PARTIES

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore, denies them.

7.      Defendant admits that it is a Delaware limited liability company and that it does business in California.  Defendant further admits that it has maintained employees in California and that it currently has a registered California Employer Tax Identification Number.  Defendant denies the remaining allegations in paragraph 7.

8.      In response to Paragraph 8, Defendant admits that Pangea3 is in the business of providing outsourced legal services to major business enterprises and to leading United States law firms, largely through attorneys and staff located in India.  Defendant, however, denies that it provides services through various independent third party strategic partners and alliances based in the United States.

## JURISDICTION AND VENUE

9.      The allegations contained in Paragraph 9 are legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 9.

10.     The allegations contained in Paragraph 10 are legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 10.

11.     The allegations contained in Paragraph 11 are legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 11.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT
NO. CV 09 3101 EDL

1

**FACTS COMMON TO ALL COUNTS**

2      12.      Defendant is without knowledge or information sufficient to form a belief as to the

3  truth of the allegations contained in Paragraph 12, and therefore, denies them.

4      13.      Defendant is without knowledge or information sufficient to form a belief as to the

5  truth of the allegations contained in Paragraph 13, and therefore, denies them.

6      14.      Defendant is without knowledge or information sufficient to form a belief as to the

7  truth of the allegations contained in Paragraph 14, and therefore, denies them.

8      15.      Defendant denies the allegations contained in Paragraph 15.

9      16.      Defendant denies the allegations contained in Paragraph 16.

10      17.      Defendant denies the allegations contained in Paragraph 17.

11      18.      Defendant denies the allegations contained in Paragraph 18.

12      19.      Defendant admits that Mr. Perla asked Plaintiff to join him and Mr. Kamlani in

13  presenting to Morgan & Finnegan, LLP.  Defendant also admits that Mr. Kamlani was designated

14  as a co-founder and co-CEO of the Company.  Defendant denies the remaining allegations in

15  Paragraph 19.

16      20.      Defendant admits that Defendant obtained IP-related work from Morgan &

17  Finnegan.  Defendant denies the remaining allegations contained in Paragraph 20.

18      21.      Defendant admits the allegations contained in Paragraph 21.

19      22.      Defendant admits that under the Independent Contractor Agreement, Plaintiff was

20  to be paid at a rate of $40 per hour for services rendered by Plaintiff to Pangea3.  Defendant

21  denies the remaining allegations contained in Paragraph 22.

22      23.      Defendant admits the allegations contained in Paragraph 23.

23      24.      Defendant denies the allegations contained in Paragraph 24

24      25.      Defendant admits that in February 2005 Yahoo! Inc. became a client of Pangea3.

25  Defendant, however, denies the remaining allegations in Paragraph 25.

26      26.      Defendant denies the allegations contained in Paragraph 26.

27      27.      Defendant admits that on or about February 20, 2005, Plaintiff became a full-time

28  employee of Pangea3 and that she and Pangea3 entered into a written employment agreement as

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3

DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT
NO. CV 09 3101 EDL

1    of that date.  Defendant also admits that Plaintiff's initial position was Vice President of

2    Intellectual Property & Litigation, and that her starting base salary was $110,000.  Defendant is

3    without knowledge or information sufficient to form a belief as to the truth of the remaining

4    allegations contained in Paragraph 27, and therefore, denies them.

5          28.    Defendant admits the allegations contained in Paragraph 28.

6          29.    Defendant is without knowledge or information sufficient to form a belief as to the

7    truth of the allegations contained in Paragraph 29, and therefore, denies them.

8          30.    Defendant is without knowledge or information sufficient to form a belief as to the

9    truth of the allegations contained in Paragraph 30, and therefore, denies them.

10         31.    Defendant is without knowledge or information sufficient to form a belief as to the

11   truth of the allegations contained in Paragraph 31, and therefore, denies them.

12         32.    Defendant denies the allegations contained in Paragraph 32.

13         33.    Defendant admits that Plaintiff executed a Confidentiality Inventions Rights &

14   Non-Competition Agreement that contains non-competition and non-solicitation covenants.

15   Defendant is without knowledge or information sufficient to form a belief as to the truth of the

16   remaining allegations contained in Paragraph 33, and therefore, denies them.

17         34.    Defendant denies the allegations contained in Paragraph 34.

18         35.    Defendant denies the allegations contained in Paragraph 35.

19         36.    Defendant denies the allegations contained in Paragraph 36.

20         37.    Defendant denies the allegations contained in Paragraph 37.

21         38.    Defendant admits the allegations contained in Paragraph 38.

22         39.    Defendant admits the allegations contained in Paragraph 39.

23         40.    Defendant denies the allegations contained in Paragraph 40.

24         41.    In response to Paragraph 41, Defendant admits that in January 2006, Pangea3

25   entered into fundraising efforts, and that, in connection with these fundraising efforts, it presented

26   to The GlenRock Group, LLC ("GlenRock").  Defendant denies the remaining allegations

27   contained in Paragraph 41.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

4

DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT
NO. CV 09 3101 EDL

1    42.    Defendant admits that on March 30, 2006, Pangea3 closed a $4 million Series B

2  funding lead by GlenRock.  Defendant is without knowledge or information sufficient to form a

3  belief as to the truth of the remaining allegations contained in Paragraph 42, and therefore, denies

4  them.

5    43.    Defendant denies the allegations contained in Paragraph 43.

6    44.    Defendant denies the allegations contained in Paragraph 44.

7    45.    Defendant denies the allegations contained in Paragraph 45.

8    46.    Defendant denies the allegations contained in Paragraph 46.

9    47.    Defendant admits the allegations contained in Paragraph 47.

10    48.    Defendant is without knowledge or information sufficient to form a belief as to the

11  truth of the allegations contained in Paragraph 48, and therefore, denies them.

12    49.    Defendant is without knowledge or information sufficient to form a belief as to the

13  truth of the allegations contained in Paragraph 49, and therefore, denies them.

14    50.    Defendant denies the allegations contained in Paragraph 50.

15    51.    Defendant denies the allegations contained in Paragraph 51.

16    52.    Defendant denies the allegations contained in Paragraph 52.

17    53.    Defendant admits the allegations contained in Paragraph 53.

18    54.    Defendant admits the allegations contained in Paragraph 54.

19    55.    In response to Paragraph 55, Defendant admits that Brajesh Mohan, a patent

20  attorney, was hired by Pangea3 in October 2007 as the Vice President of Intellectual Property

21  Services.  Defendant also admits that Mr. Mohan is younger than Plaintiff and that his salary was

22  $200,000.  Defendant is unclear as to the statement, "and he was given the opportunity to earn

23  additional options and the right to receive an annual cash bonus," and therefore, denies this

24  allegation.

25    56.    Defendant denies the allegations contained in Paragraph 56.

26    57.    Defendant denies the allegations contained in Paragraph 57.

27

28

5

58.     Defendant admits that Mr. Goldstein is currently employed by Pangea3 and that Plaintiff accompanied Mr. Goldstein on business trips on behalf of Pangea3.  Defendant denies the remaining allegations contained in Paragraph 58.

59.     Defendant denies the allegations contained in Paragraph 59.

60.     Defendant denies the allegations contained in Paragraph 60.

61.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and therefore, denies them.

62.     Defendant admits that it issued revised Stock Option Documentation, including the 2007 Equity Inventive Plan.  Defendant denies the remaining allegations in Paragraph 62.

63.     Defendant denies the allegations contained in Paragraph 63.

64.     Defendant admits that Plaintiff moved to California from New York on or about March 31, 2008.  Defendant denies the remaining allegations in Paragraph 64.

65.     Defendant denies the allegations contained in Paragraph 65.

66.     Defendant denies the allegations contained in Paragraph 66.

67.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and therefore, denies them.

68.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, and therefore, denies them.

69.     Defendant denies the allegations in Paragraph 69.

70.     Defendant denies the allegations contained in Paragraph 70.

71.     Defendant admits that Plaintiff purports to have obtained new employment in the LPO field.  Defendant, however, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 71, and therefore, denies them.

72.     Defendant denies the allegations contained in Paragraph 72.

## COUNT I – DECLARATORY JUDGMENT

73.     Defendant restates and incorporates its responses to Paragraphs 1 through 72 as if set forth fully herein.

74.     Defendant denies the allegations contained in Paragraph 74.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

75.     Defendant admits that it contends that Plaintiff is bound outside of California by the non-competition and non-solicitation covenants contained in the No Compete Agreement that she signed.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 75, and therefore, denies them.

76.     Defendant admits the allegations contained in Paragraph 76 except that Defendant denies that it ever sought to enforce this agreement against Plaintiff as to work she accomplished in California for client facilities in California.

77.     Defendant admits the allegations contained in Paragraph 77 except that Defendant denies that it ever sought to enforce this agreement against Plaintiff as to work she accomplished in California for client facilities in California.

78.     Defendant denies the allegations contained in Paragraph 78.

79.     The allegations contained in Paragraph 79 are, legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 79.

## COUNT II – GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACTION OF 1964

80.     Defendant restates and incorporates its responses to Paragraphs 1 through 79 as if set forth fully herein.

81.     The allegations contained in Paragraph 81 are, legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 81.

82.     The allegations contained in Paragraph 82 are, legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 82.

83.     Defendant denies the allegations contained in Paragraph 83.

84.     Defendant denies the allegations contained in Paragraph 84.

85.     Defendant denies the allegations contained in Paragraph 85.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
NO. CV 09 3101 EDL

86.     Defendant denies the allegations contained in Paragraph 86.

87.     Defendant denies the allegations contained in Paragraph 87.

88.     Defendant denies the allegations contained in Paragraph 88.

89.     Defendant denies the allegations contained in Paragraph 89.

90.     Defendant denies the allegations contained in Paragraph 90.

## COUNT III – GENDER DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12940, ET SEQ.

91.     Defendant restates and incorporates its responses to Paragraphs 1 through 90 as if set forth fully herein.

92.     The allegations contained in Paragraph 92 are, legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 92.

93.     The allegations contained in Paragraph 93 are, legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 93.

94.     Defendant denies the allegations contained in Paragraph 94.

95.     Defendant denies the allegations contained in Paragraph 95.

96.     Defendant denies the allegations contained in Paragraph 96.

97.     Defendant denies the allegations contained in Paragraph 97.

98.     Defendant denies the allegations contained in Paragraph 98.

99.     Defendant denies the allegations contained in Paragraph 99.

100.    Defendant denies the allegations contained in Paragraph 100.

101.    Defendant denies the allegations contained in Paragraph 101.

## COUNT IV – AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

102.    Defendant restates and incorporates its responses to Paragraphs 1 through 101 as if set forth fully herein.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT
NO.  CV 09 3101 EDL

103.    The allegations contained in Paragraph 103 are, legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 103.

104.    The allegations contained in Paragraph 104 are, legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 104.

105.    In response to Paragraph 105, Defendant admits that Plaintiff held herself out to be at least 40 years of age while she was an Independent Contractor of Pangea3 and while she was an employee of Pangea3.

106.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106, and therefore, denies them.

107.    Defendant denies the allegations contained in Paragraph 107.

108.    Defendant denies the allegations contained in Paragraph 108.

109.    Defendant denies the allegations contained in Paragraph 109.

110.    Defendant denies the allegations contained in Paragraph 110.

111.    Defendant denies the allegations contained in Paragraph 111.

112.    Defendant denies the allegations contained in Paragraph 112.

113.    Defendant denies the allegations contained in Paragraph 113.

114.    Defendant denies the allegations contained in Paragraph 114.

115.    Defendant denies the allegations contained in Paragraph 115.

116.    Defendant denies the allegations contained in Paragraph 116.

**COUNT V –AGE DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12940, ET SEQ.**

117.    Defendant restates and incorporates its responses to Paragraphs 1 through 116 as if set forth fully herein.

118.    The allegations contained in Paragraph 118 are, legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 118.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Palo Alto

119.    The allegations contained in Paragraph 119 are, legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 119.

120.    Defendant denies the allegations contained in Paragraph 120.

121.    Defendant denies the allegations contained in Paragraph 121.

122.    Defendant denies the allegations contained in Paragraph 122.

123.    Defendant denies the allegations contained in Paragraph 123.

124.    Defendant denies the allegations contained in Paragraph 124.

## COUNT VI – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

125.    Defendant restates and incorporates its responses to Paragraphs 1 through 124 as if set forth fully herein.

126.    In response to Paragraph 126, Defendant admits that Plaintiff was an employee of Pangea3 from approximately February 20, 2005 until approximately October 31, 2008. Defendant denies the remaining allegations in Paragraph 126.

127.    Defendant admits the allegations contained in Paragraph 127.

128.    Defendant denies the allegations contained in Paragraph 128.

129.    Defendant denies the allegations contained in Paragraph 129.

130.    Defendant denies the allegations contained in Paragraph 130.

131.    Defendant denies the allegations contained in Paragraph 131.

## COUNT VII – BREACH OF CONTRACT

132.    Defendant restates and incorporates its responses to Paragraphs 1 through 131 as if set forth fully herein.

133.    The allegations contained in Paragraph 133 are, legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 133.

134.    Defendant denies the allegations contained in Paragraph 134.

135.    Defendant denies the allegations contained in Paragraph 135.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Palo Alto

DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT
NO. CV 09 3101 EDL

136.    Defendant denies the allegations contained in Paragraph 136.

## COUNT VIII – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

137.    Defendant restates and incorporates its responses to Paragraphs 1 through 136 as if set forth fully herein.

138.    The allegations contained in Paragraph 138 are, legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 138.

139.    Defendant denies the allegations contained in Paragraph 139

140.    Defendant denies the allegations contained in Paragraph 140.

141.    Defendant denies the allegations contained in Paragraph 141.

142.    Defendant denies the allegations contained in Paragraph 142.

## COUNT IX – INTERFERENCE WITH ERISA BENEFITS

143.    Defendant restates and incorporates its responses to Paragraphs 1 through 142 as if set forth fully herein.

144.    The allegations contained in Paragraph 144 are, legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 144.

145.    Defendant is unclear as to the allegations contained in Paragraph 145, and therefore, denies the allegations contained in Paragraph 145.

146.    Defendant admits the allegations contained in Paragraph 146.

147.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147, and therefore, denies them.

148.    Defendant admits that it knew Plaintiff participated in the Plan.  Defendant denies the remaining allegations contained in Paragraph 148.

149.    In response to Paragraph 149, Defendant states that it is unclear as to the meaning of the phrase "her benefits," and therefore, denies the allegations contained in Paragraph 149.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Palo Alto

DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT
NO. CV 09 3101 EDL

150.   The allegations contained in Paragraph 150 are, legal conclusions to which no response is required.  To the extent a response is required, the Defendant denies the allegations contained in Paragraph 150.

151.   Defendant denies the allegations contained in Paragraph 151.

152.   Defendant denies the allegations contained in Paragraph 152.

153.   Defendant denies the allegations contained in Paragraph 153.

154.   Defendant denies the allegations contained in Paragraph 154.

155.   Defendant denies the allegations contained in Paragraph 155.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

156.   The Complaint, and each purported cause of action therein, fails to state facts sufficient to state or constitute a claim against Defendant and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendant.

**SECOND AFFIRMATIVE DEFENSE**

157.   Plaintiff's Complaint, and each purported cause of action alleged therein, is uncertain as to the wrongful acts of Defendant which allegedly caused injury and damage to Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

158.   Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

159.   Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrines of laches and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

160.   By her conduct, Plaintiff has waived any right to recover any relief under her Complaint, or any purported cause of action alleged therein.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

12

DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT
NO. CV 09 3101 EDL

**SIXTH AFFIRMATIVE DEFENSE**

161.     Plaintiff's injuries or damages, if any, were not proximately caused by the acts of the Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

162.     Plaintiff's Complaint, and each purported cause of action therein, is barred because at all relevant times, Defendant acted with a good faith belief that it had good cause to act as it did and did not directly or indirectly perform any acts which would constitute a violation of any of Plaintiff's rights.

**EIGHTH AFFIRMATIVE DEFENSE**

163.     Plaintiff's recovery, if any, should be barred or decreased to the extent that she has failed to mitigate her purported damages.

**NINTH AFFIRMATIVE DEFENSE**

164.     Defendant is informed and believes, and thereupon alleges, that it followed all appropriate terms and conditions of any alleged contractual relationship between Plaintiff and Defendant.

**TENTH AFFIRMATIVE DEFENSE**

165.     Plaintiff's claims for breach of contract are barred on the ground that as to each and every oral, implied, or other contractual relationship alleged therein, there was a failure of consideration.

**ELEVENTH AFFIRMATIVE DEFENSE**

166.     Some or all of Plaintiff's claims are barred by the doctrine of unclean hands by reason of Plaintiff's own conduct and actions.

**TWELFTH AFFIRMATIVE DEFENSE**

167.     Plaintiff has not suffered any damages as a result of any acts and/or omissions of Defendant, thereby barring Plaintiff from asserting any claims against Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

168.     Plaintiff has failed to state a claim against Defendant upon which attorneys' fees, costs, or interest maybe awarded.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT
NO. CV 09 3101 EDL

**FOURTEENTH AFFIRMATIVE DEFENSE**

169.    Plaintiff has failed to state a claim against Defendant upon which back pay may be awarded.

**FIFTEENTH AFFIRMATIVE DEFENSE**

170.    Plaintiff has failed to state a claim against Defendant upon which compensatory damages may be awarded.

**SIXTEENTH AFFIRMATIVE DEFENSE**

171.    Some or all of Plaintiff's causes of action are barred, in whole or in part, because Plaintiff was employed at will.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

172.    Plaintiff's Complaint, and each purported cause of action therein, is barred because any employment action allegedly taken with respect to Plaintiff was based upon legitimate, non-discriminatory reasons completely unrelated to Plaintiff's purported age, gender, race, religion and/or any other basis protected by law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

173.    Plaintiff's Complaint, and each purported cause of action therein, is barred because at all relevant times, none of Defendant's acts were in bad faith, spiteful, malicious, or otherwise motivated by any ill-will or illegal intent.  Instead, all acts toward Plaintiff were, at all relevant times, non-discriminatory, non-harassing, and/or non-retaliatory and taken in accordance with Defendant's rights as accorded by law.

**NINETEENTH AFFIRMATIVE DEFENSE**

174.    Defendant alleges, without conceding that Plaintiff has sustained damages as alleged in the Complaint, that if Plaintiff did sustain damages as alleged in the Complaint, such damages, in all or in part, were caused by persons or entities other than Defendant and that, at all times, said persons or entities acted without the consent, authorization, knowledge, or ratification of Defendant with regard to the acts as alleged in the Complaint, and that Defendant took prompt remedial action.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

14

DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT
NO. CV 09 3101 EDL

**TWENTIETH AFFIRMATIVE DEFENSE**

175.    Defendant alleges that Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous, groundless and without foundation in fact or law.  Furthermore, the suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendant. Accordingly, Defendant is entitled to attorneys' fees and other appropriate costs and expenses incurred in defending this action.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

176.    Some or all of Plaintiff's causes of action are barred, in whole or in part, because Plaintiff was fired by the same person who hired her, and therefore, the "Same Actor Defense" applies.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

177.    Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, Defendant prays for relief against Plaintiff as follows:

1.    That Plaintiff take nothing by her Complaint and that judgment be entered in the Defendant's favor;

2.    That Defendant be awarded costs of suit and attorneys' fees incurred herein; and

3.    Such other and further relief as the Court deems just and proper.

Dated:    July 29, 2009            MANATT, PHELPS & PHILLIPS, LLP
                                   John C. Fox
                                   Alexa L. Morgan


                            By:  /s/ Alexa L. Morgan
                                   Alexa L. Morgan
                                   *Attorneys for Defendant*
                                   PANGEA3 LLC

20218869.2

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
NO. CV 09 3101 EDL